191 So.2d 665 (1966)
RUSTON HOSPITAL, INC., Plaintiff-Appellant,
v.
Jesse J. RISER, Sheriff and Ex-officio Tax Collector in and for Lincoln Parish, Louisiana, Defendant-Appellee.
No. 10689.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1966.
Barham, Wright, Barham & Dawkins, Ruston, for appellant.
Ragan D. Madden, Ruston, for appellee.
Before HARDY, GLADNEY, AYRES and BOLIN, JJ.
HARDY, Judge.
This is an action by plaintiff for the recovery of State and Parish property taxes for the year 1965 paid to defendant Tax Collector of Lincoln Parish under protest. The case was decided upon the pleadings and a stipulation of fact executed by counsel for the parties litigant. From judgment *666 rejecting plaintiff's demands it has appealed.
The sole issue presented by this appeal is whether the property of plaintiff here involved is exempt from taxation under the provision of Article X, Section 4(2) of the Louisiana Constitution of 1921.
The facts pertinent to a resolution of this appeal, as reflected by the pleadings and stipulation, are that plaintiff is a non-profit corporation organized, inter alia, for charitable purposes which owns certain described property and improvements located in the City of Ruston. Plaintiff operated the "Ruston Hospital" from the time of its incorporation in 1947 until April 30, 1962, at which time the hospital was closed; thereafter, the facilities located on plaintiff's property were completely remodeled and re-opened on August 1, 1963, as a Class A-1 Nursing Home known as "Ruston Nursing Home." On October 31, 1965, the property and all facilities were leased to Lincoln General Hospital, Inc. for use as a long-term patient care unit; plaintiff's property was placed on the assessment roll by the Lincoln Parish Assessor for the year 1965 and taxes levied pursuant to the assessment in the amount of $806.76 were paid by plaintiff under protest to defendant tax collector. The operation of Ruston Hospital during its period of existence was managed by a Board of Trustees of nine members serving without compensation; during the period of its existence from August 1, 1963, until October 31, 1965, the Ruston Nursing Home showed a net operating loss; during the period of operation of the nursing home no patient was ever admitted as a charity patient but all patients were charged in accordance with the scheduled rates of $265.00 per month for semi-private rooms and $325.00 per month for private rooms. During the year 1965 approximately 75% of the patients were welfare cases of the State of Louisiana for whose care the State paid $165.00 per month and the patients or their families paid the additional $100.00 per month.
The constitutional provision noted supra exempts from taxation "* * * places devoted to charitable undertakings * * *."
As a point of departure for consideration of the issue presented, it is important to observe that exemptions from taxation are to be strictly construed. As was noted in the opinion of our Supreme Court in Mattingly v. Vial (1939), 193 La. 1, 190 So. 313:
"There is no principle of interpretation more firmly and uniformly established by the jurisprudence of this and the other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption, and that any plausible doubt is fatal."
We think the above principle is clearly indicated in the constitutional provision exempting places devoted to charitable undertakings, which word, by common definition and usage, connotes "a setting apart", "a dedication". The stipulation in the instant case not only fails to establish a charitable use of plaintiff's property but definitely negates such a conclusion.
We find no merit in the argument on behalf of plaintiff that it is exempt from taxation on the ground that it is a non-profit institution organized for charitable purposes administered by members of a Board of Trustees who serve without compensation. It is the use of the property and not the nature and purpose of the corporation which constitutes the test of the right to exemption from taxes; State ex rel. Cunningham v. Board of Assessors of Parish of Orleans, 52 La.Ann. 223, 26 So. 872.
The constitutional exemption is limited to the portion of the property of an organization which is actually devoted to charitable undertakings, and does not include all the property of a charitably-purposed *667 organization; Beta Xi Chapter of Beta Theta Pi v. City of New Orleans (Orleans, 1931), 18 La.App. 130, 137 So. 204.
The basic reason for the exemption under consideration is found in the theory that the actual charitable acts serve to lessen the burdens of government and relieve the State, its subdivisions and taxpayers of the ultimate responsibility of caring for the sick and the indigent.
Our jurisprudence on the issue of charitable tax exemptions leaves no reason for doubt as to the conclusion that the sine qua non of entitlement to the exemption is the actual practice of the enterprise or undertaking. Therefore, neither the corporate purposes indicated by a charter nor the non-profit nature of organization, nor the performance of some degree of charity is controlling. There must be evidence which establishes the fact that the operation and use of the undertaking is devoted exclusively to the performance of charitable acts; State ex rel. United Seamen's Service v. City of New Orleans, 209 La. 797, 25 So.2d 596; State ex rel. Cunningham v. Board of Assessors and Beta Xi Chapter v. City of New Orleans, cited supra.
The stipulated facts of the instant case show that the Ruston Nursing Home did not admit charity patients and scheduled charges, even for welfare patients, were made and collected. It follows that there is no basis for the contention that plaintiff's operation in any degree whatsoever served to relieve the State or its governmental subdivisions of the burden of caring for the sick and the indigent.
It is a matter of persuasive interest that the principles of charitable exemption from taxation and charitable immunity from tort liability are presently being given close scrutiny and serious consideration by both State and Federal Courts. In determining the right to exemption or immunity there is an increasing trend toward the conclusion that the cloak of charity must be considered as a whole garment and not merely as a remnant of fabric.
The judgment appealed from is affirmed at appellant's cost.