PONDER, Judge.
Plaintiff sued to recover 1971 and 1972 Louisiana franchise taxes paid under protest. The primary issues are: can the state include a parent company’s equity interest in a subsidiary entered on the parent company’s books for the purposes of determining the parent’s franchise tax; and can a reversing entry removing an equity interest in a subsidiary have retroactive effect.
The lower court found for the defendant. Plaintiff appealed. We affirm.
Prior to 1966, plaintiff showed on its books at cost its investment interest in its subsidiaries. In 1966 the company changed to the equity method of accounting in which the parent company recognizes its share of the earnings and losses of its subsidiary without awaiting the subsidiary’s declaration of a dividend.
Audits of the plaintiff’s books prior to 1975 overlooked the declared equity. However, in that year, a general audit was made and the equity was discovered. A special assessment based on the equity figures was made. The company entered a reversing entry removing the equity figure for 1975 and claimed that the entry had retroactive effect.
The corporation franchise tax is imposed upon the issued and outstanding capital stock, surplus, undivided profits and borrowed capital.[1] The value ascribed to surplus and undivided profits is that reflected on the corporation’s books, subject to revi *1014 sion by the collector, who, however, cannot ascribe a higher value than cost, “provided that in no event shall such value be less than is shown on the books of the taxpaying corporation.”[2]
The lower court found that the case of Maplewood Housing Corporation v. Fontenot, 238 La. 378, 115 So.2d 386 (1959) to be controlling, and we agree. There the corporation had by bookkeeping entries recognized the value of some assets that had increased above cost. The court found that the portion of the statute quoted above required the collection of the tax based upon the increased value. We believe, similarly, that the statute requires the affirmation of the judgment.
Appellant asserts that the statute contains ambiguities and contradictions requiring interpretations to the taxpayer’s benefit. The court in Maplewood, supra, had no difficulty with the statute, nor do we. The section clearly empowers and requires the collector to use the figure on the taxpayer’s books.
Appellant’s contention that both the cost and the equity figures were on its books and that the,collector was required to employ the cost figure and to disregard the entries using the equity method is without merit. The entries recognized the parent’s interest in the subsidiary’s surplus resulting in a value above cost ascribed to the investment in the subsidiary. That the cost and equity figures are contained in separate entries does not require the collector to ignore the latter.
Appellant’s claim of discrimination in the imposition of the tax was found by the lower court to be without merit. We agree. The difference in treatment between those employing the equity method and those not is based upon the difference of the value of assets recognized by those employing the method and not upon the whim or caprice of the collector. The distinction is a real one, based upon the taxpayer’s books.
Taxpayer’s contention that prohibited double taxation results from the collector’s action is also without merit. See Arkansas Fuel Oil Corp. v. Fontenot, 225 La. 166, 72 So.2d 465 (1954).
On the second issue, the trial court found for the defendant based on Maplewood, supra, which held that only when an entry on a ledger is a bookkeeping error can a reversal have retroactive effect. In this case, the company deliberately and voluntarily recorded equity on its books, although based, perhaps, on a misinterpretation of an *1015 Accounting Principles Bulletin. The “entry was a deliberate act on the part of the corporation and one which it had every right to make”. Maplewood, supra. There was no bookkeeping error in the sense employed in Maplewood and the reversing entry does not have retroactive effect.
We therefore affirm. The costs are assessed against the appellant.
AFFIRMED.

. LSA-R.S. 47:602:
“A. Taxable capital. Every corporation taxed under this chapter shall determine the amount of its issued and outstanding capital stock, surplus, undivided profits and borrowed capital as the basis for computing the franchise tax levied under this chapter and determining the extent of the use of its franchise in this state.
“B. Holding corporation deduction. Any corporation having as a subsidiary a banking corporation as defined below shall be entitled to deduct from its capital stock, surplus, undivided profits and borrowed capital, as defined *1014 in this chapter, its investments in and advances to such subsidiary banking corporation to the extent that such investments and advances exceed the difference between the total assets and the capital stock, surplus, undivided profits and borrowed capital of the holding corporation. ‘Subsidiary banking corporation’ is defined to be a banking corporation organized under the laws of the United States of America or of the state of Louisiana- the capital stock of which to an extent of at least eighty percent is owned by a holding corporation.
“C. Public utility holding corporation deductions. Any corporation registered under the Public Utility Holding Company Act of 1935 having subsidiary corporations as defined here-inbelow, shall be entitled to deduct from the amount of its Louisiana taxable capital the amount of its investments in and advances to subsidiary corporations allocated to Louisiana under R.S. 47:606B in computing its franchise tax. ‘Subsidiary corporation’ is defined to be a corporation in which at least eighty percent of the voting power of all classes of its stock (not including nonvoting stock which is limited and preferred to as dividends) is owned by a registered public utility holding corporation.”

. LSA-R.S. 47:605:
“A. Determination of value. For the purpose of ascertaining the tax imposed in this Chapter, surplus and undivided profits shall be deemed to have such value as is reflected on the books of the corporation, subject to examination and revision by the collector from the information contained in the report filed by the corporation as hereinafter provided and from any other information obtained by the collector; but in no event shall such revision reflect the value of any asset in excess of the cost thereof to the taxpayer at the time of acquisition; in the case of an acquisition which qualifies as a tax free exchange under R.S. 47:131, 132, 133, 135, 136, 137 and 138, cost to the taxpayer at the time of acquisition shall be deemed to be the basis of such property determined under R.S. 47:146, 148 and 152; provided that in no event shall such value be less than is shown on the books of the taxpaying corporation.