Bob **BULLOCK**, Comptroller of Public Accounts, et al., Appellants,

v.

**ENSERCH CORPORATION,** Appellee.

No. 6065.

Court of Civil Appeals of Texas, Waco.

June 28, 1979.

Rehearing Denied July 19, 1979.

Mark White, Atty. Gen., Martha E. Smiley, Gilbert J. Bernal, Jr., Asst. Attys. Gen., Austin, for appellants.

Sander W. Shapiro, William R. Volk, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by the Comptroller, Treasurer and Attorney General of Texas from summary judgment decreeing Enserch Corporation recover $139,019.63 and $290,-814.75, assessed by the Comptroller against Enserch, under the Franchise Tax Act, and paid by Enserch under protest pursuant to Article 1.05 Title 122A VATS.

Appellee Enserch sued appellants to recover franchise taxes, penalty and interest paid by appellee under protest. Both appellee and appellants moved for summary judgment. The trial court denied appellants' motion and granted appellee's motion and decreed appellee recover from appellants the sums of $139,019.63 and $290,-814.75.

Appellants appeal on 4 points contending among other matters the trial court erred in granting appellee's motion for summary judgment because appellee failed to show that the Comptroller's assessment was arbitrary, illegal, fundamentally wrong and substantially injured appellee.

Appellee is a public gas utility company and owns all the stock in a number of subsidiary corporations.

Article 12.01 Title 122A VATS requires every corporation doing business in Texas to pay an annual Franchise Tax of $4.25 per $1000. on the corporation's capital and surplus, on the percent of the corporation's business done in Texas. A corporation's surplus includes its investment in its subsidiary corporations.

The Comptroller's rules in effect at the time required a corporation to report and calculate its franchise tax on whichever method of accounting (cost or equity) the corporation used in its general ledger account. Prior to 1973 appellee's general ledger account reflected its investment in its subsidiary corporations utilizing the cost method of accounting; that is appellee's actual cost in investing in the stock of its subsidiaries. And such method of accounting was accepted by the Comptroller and used as the basis for assessing appellee's corporate Franchise Tax. In 1973 the Federal Energy Regulatory Commission (formerly the Federal Power Commission) which regulates appellee, ordered gas utilities to report their unappropriated undistributed subsidiary earnings. For the sole purpose of meeting the reporting requirements of the Federal Energy Regulatory Commission (and the Railroad Commission) appellee amended its system of accounting to show such assets by "Subaccount 216.1" as an entry in general ledger account. Such subaccount entry utilized the equity method of accounting to report the earnings of appellee's subsidiaries as required by the regulatory commission. Such entry was never utilized by appellee to present its financial condition to stockholders or to the financial community in general, and such entry was eliminated by an adjusting entry after the close of the accounting year to the regulatory commission. For presentation of its financial condition to stockholders or the financial community appellee uses the consolidated method of reporting, which is not acceptable by the Comptroller for franchise tax purposes. This is true because such method incorporates into the report all subsidiary corporations owned by the parent corporation. And Articles 12.01, 12.02 and 12.08 requires: Each and every corporation to pay franchise tax. *Texaco, Inc. v. Calvert* (Austin, Tex.Civ.App.) NRE, 526 S.W.2d 630.

The evidence shows that the equity method of accounting is substantially the same as the consolidated method, which is unacceptable to the Comptroller.

Appellee was required to use the equity method of accounting by the regulatory commission for the narrowly limited purpose of reports to the commission; and such

subaccount entry evidencing same was eliminated after the close of the accounting year. The balance of the general ledger account reflects the appellee's investment in the stock of its subsidiaries on the cost method.

And the Comptroller amended its ruling in 1977 to assess franchise taxes on the cost method of corporations in appellee's category, irrespective of the reporting requirement of the regulatory commission, but did not make such retroactive. Assistant Comptroller Anderson in his deposition, testified the 1977 change was made because the requirement of the ruling appellee complains of in this case, taxes the parent on the same earnings as have been taxed to the subsidiary, and that such was "unfair"; and that the wording of the applicable statutes had not been changed.

We think appellants' method of assessing appellee franchise tax arbitrary, fundamentally wrong and that same resulted in substantial injury to appellee.

All appellants' points are overruled.

AFFIRMED.