

# The Attorney General of Texas

August 31 , 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. Building
Austin, Texas  78711

Opinion No. MW-364

Re:  Franchise tax reporting
of corporation's investment in
a subsidiary

Dear Mr. Bullock:

You request our opinion on the proper method to value a corporation's investment in subsidiaries for franchise tax purposes.

Any corporation authorized to do business in Texas must pay franchise tax.  Tax.-Gen. art. 12.01(1).  The three alternative methods yields the greatest tax.  Id.  One method taxes at the statutory rate, the portion of a corporation's stated capital, surplus, and individual profits, which is allocable to Texas. Tax.-Gen. arts. 12.01, 12.02.  A corporation's surplus includes its investment in its subsidiary corporations.  Bullock v. Enserch Corporation, 583 S.W.2d 950 (Tex. Civ. App. - Waco 1979, writ ref'd n.r.e.).

The value of a corporation's investment is usually determined from the corporation's books, kept according to generally accepted accounting principles.  Franchise Tax Fule 026.02.12.015;  Texas Attorney General Opinion V-1037 (1950).  The courts, however, have departed from the values shown by a corporation's general ledger, prepared according to generally accepted accounting principles but inconsistent with the franchise tax provisions.  For example, a holding company may combine its capital and receipts with those of its subsidiaries and make one consolidated report to its shareholders. Bullock v. Enserch Corporation, supra.  This method is not acceptable for franchise tax reporting because the parent corporation and Tax.-Gen. art. 12.02(1)(a); Texaco Inc. v. Calvert, 526 S.W.2d 630 (Tex. Civ. App. - Austin 1975, writ ref'd n.r.e.).

You ask:

> For purposes of reporting franchise tax, which of the following methods should be used for determining the cost of investments in a subsidiary when the acquisition qualifies as a

pooling of interest and the acquired subsidiary is not dissolved?

(1) the par value of the stock issued by the parent corporation in exchange for the shares of stock in the subsidiary or

(2) the net book value of the subsidiary acquired as reflected on the books of the subsidiary or

(3) the fair market value at the date of acquisition of the stock issued by the parent in the exchange for the shares of stock of the subsidiary.

A "pooling of interest" is an accounting term for an acquisition which meets a number of qualifications not relevant to the question of franchise tax liability. For purposes of this opinion, we will consider the fact that the holding company has acquired the stock of subsidiaries which continue to operate as separate business entities.

A holding company's investment in its subsidiaries is to be valued at cost. Bullock v. Enserch Corporation, supra. Blacks Law Dictionary (4th Ed.) defines "cost" as "expense" and "that which is actually paid...." Websters Third International Dictionary defines "cost" as "the amount or equivalent paid or given...for anything bought" and as "whatever must be given, sacrificed, suffered or forgone to secure a benefit."

The facts of any given acquisition will differ. The "cost" of acquisitions vary as well. The determination of "cost" is a fact question, which is not appropriate for an Attorney General's Opinion.

The Comptroller may promulgate rules and regulations defining "cost" in accordance with a generally accepted definition of such term.

### SUMMARY

A holding company's investment in a subsidiary should be valued for franchise tax purposes at its cost. Cost is a fact question to be determined on an individual basis by the Comptroller of Public Accounts in fulfilling his statutory duties.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin