PRICE, Judge.
Defendant, Arkansas-Louisiana Gas Company, appeals from a judgment rendered in favor of plaintiff, Shirley McNamara, Secretary of the Department of Revenue and Taxation, State of Louisiana, in the amount of $53,787.00 plus interest, said amount representing defendant’s alleged underpayment of corporation franchise taxes for the calendar years 1974-1977 as provided in La. R.S. 47:601 et seq.
The pertinent stipulated facts adduced at the trial on this matter establish that Arkansas-Louisiana Gas Company, now known as Arkla, Inc., is a Delaware Corporation which is authorized to do and is doing business in the State of Louisiana. Arkla, Inc., has five subsidiary corporations in which it owns 100 percent of the stock. These subsidiaries are Arkla Exploration Company, Arkansas-Louisiana Finance Corporation, Arkla Industries Inc., Arkla Chemical Corporation and Arkansas Cement Corporation. Each of the subsidiaries is qualified to do and is doing business in this state. During the years at issue in this case, each subsidiary corporation and Arkla, Inc., the parent corporation, filed a return and paid Louisiana Franchise Tax to the Department of Revenue and Taxation, formerly known as the Department of Revenue.
As a regulated public utility, defendant is subject to the jurisdiction of the Federal Energy Regulatory Commission (FERC), formerly the Federal Power Commission. This agency has prescribed specific rules of accounting which must be employed by the defendant.
Prior to January 1, 1973, Arkla, Inc., was required to employ the cost method of accounting. Under this method, Arkla, Inc., recorded on its financial books and records the initial investment that it made in the subsidiary corporation. Thereafter, the earnings of the subsidiary corporation were accumulated on the books of that corporation in the retained earnings. However, these earnings were not reflected in the financial records of Arkla, Inc.
On January 1, 1973, Arkla, Inc., was directed by the FERC to change to the equity *448 method of accounting pursuant to F.P.C. Order Number 469. Under this method, the earnings of a subsidiary were accumulated on its books in the retained earnings of that corporation and then the total retained earnings of each of the subsidiaries, including the sum total of all accumulated and undistributed earnings, whether appropriated or not, were reflected also as additional retained earnings of the parent corporation, Arkla, Inc.
Prior to the change of accounting methods mandated by F.P.C. Order Number 469, Arkla, Inc., had determined and paid franchise tax by utilizing the cost method. After January 1, 1973, Arkla, Inc., continued to use the cost method of accounting in computing the amount of franchise tax owed to plaintiff despite the use of the equity method in maintaining its financial books.
As previously noted, by utilizing the cost method of accounting, the retained earnings of the five subsidiaries are not included in the financial records of the parent corporation, Arkla, Inc., and thus, do not act to increase the franchise tax base of Arkla, Inc. However, under the equity method of accounting, the retained earnings of the subsidiary corporations are included in the financial records of the parent corporation thereby increasing its franchise tax base.
The Department of Revenue and Taxation contends that Arkla, Inc., has underpaid franchise taxes for the calendar years 1974-1977 because the books and retained earnings account of Arkla, Inc., prepared in accordance with the equity method of accounting, reflected the retained earnings of its subsidiaries thereby resulting in a larger franchise tax base than obtained by defendant’s use of the cost method of accounting.
After a trial on the merits, in a thorough and well-reasoned opinion, the trial court found that defendant was required to utilize the equity method of accounting to compute the amount of franchise tax due and therefore had underpaid franchise taxes for the years at issue.
On appeal, defendant, Arkla, Inc., presents the following specifications of error:
1. The trial court erred in finding that the surplus of a public utility includes the earnings of its subsidiaries when those earnings are included in the defendant’s books solely pursuant to the order of a regulatory commission and where each subsidiary has paid a franchise tax.
2. The trial court erred in not interpreting the pertinent tax statutes so as to avoid an unjust, oppressive and absurd result.
For the reasons set forth below, this court finds that the ruling of the trial court was correct and therefore affirm the judgment.
Defendant argues that the earnings of the subsidiaries reflected on its books as the result of being mandated by the FERC to utilize the equity method of accounting should not be included in the computation of franchise taxes owed by the parent corporation. Rather, Arkla, Inc., contends that it should be allowed to continue to use the cost method to determine the amount of tax due.
La.R.S. 47:605 provides in pertinent part that “(f)or the purpose of ascertaining the tax imposed in this Chapter, surplus and undivided profits shall be deemed to have such value as is reflected on the books of the corporation ...” (emphasis added).
Plaintiff contends that under the statute it is required to compute the franchise tax owed by defendant based upon the value stated on the taxpaying corporation’s books and cites Maplewood Housing Corporation v. Fontenot, 238 La. 378, 115 So.2d 386 (1959) and Cities Service Co. v. McNamara, 366 So.2d 1013 (La.App. 1st Cir.1978) in support of this position.
In Maplewood, supra, the plaintiff corporation by means of a bookkeeping entry increased the amount of the book value of certain assets which represented the appraised value of the assets at that time rather than the cost of those items as originally reflected on the books. In computing *449 the franchise taxes due for that year, the plaintiff did not include the increased value effected by the journal entry, but rather ignored the entry and computed the tax using the original cost of the assets. In an audit, the Collector of Revenue determined that the plaintiff owed additional franchise taxes based upon the increased value of the assets as reflected by the books of the corporation.
Plaintiff made a reversing entry on its books to eliminate the surplus after a deficiency assessment was made but the Collector refused to recognize such an entry.
Upon examining the statute, the Supreme Court held that La.R.S. 47:605 required that the increased value be included in the franchise tax base as it was shown on the books of the taxpaying corporation at the time plaintiffs tax liability became fixed. The court noted that ... “if a taxpayer could revise the value of assets back and forth without limitation, his tax liability would constantly be fluid, thus prohibiting a fixed and effective audit for tax purposes resulting in an avoidance of responsive tax liability” at 115 So.2d p. 389.
In Cities Service Co. v. McNamara, supra, plaintiff originally showed on its books at cost its investment interest in its subsidiaries but later changed to the equity method of accounting. Following an assessment for additional taxes based upon equity figures, plaintiff entered a reversing entry to remove these figures. The First Circuit found the case of Maplewood, supra, to be controlling and held that the statute “.. . clearly empowers and requires the collector to use the figure on the taxpayer’s books” at p. 1014.
It is the opinion of this court that under La.R.S. 47:605 and the pertinent jurisprudence that the amount of franchise tax due shall be based on the values reflected in the books of the corporation.
In the instant case, Arkla, Inc., maintains its books employing the equity method of accounting. Under the clear, unambiguous language of the statute, the amount of franchise tax owed by Arkla, Inc., must be calculated upon values contained in these books and not by another method of accounting. As noted by the Supreme Court in Maplewood, supra, if a taxpayer was permitted to change the value of its assets for different purposes, tax liability would never become fixed thus preventing an effective tax audit to ascertain the correct amount of tax owed. By requiring that the franchise tax be computed using the values reflected on the books of the corporation, the statute insures that the tax obligation would become definitely fixed and easily ascertainable.
Defendant asserts that since it did not voluntarily choose to use the equity method to maintain its corporate books, it should not have to suffer the adverse tax consequences resulting from the use of this method but rather should be allowed to continue to use the cost method to calculate its franchise tax.
The statute makes no distinction as to the reasons a particular method of accounting is employed by the taxpayer. Although the additional franchise tax assessments in Ma-plewood, supra, and Cities Service Co., supra, were the result of voluntary actions on the part of the plaintiff corporations, a close examination of these cases reveals that the voluntary or involuntary nature of the action was not a crucial factor in the decision of the courts. Rather, the courts simply adhered to the clear language of the statute.
Defendant argues that the trial court erred in not interpreting the tax statutes so as to avoid an unjust, oppressive and absurd result.
Defendant contends that the result is oppressive in that both the parent corporation and subsidiaries pay franchise tax based upon the same earnings. In other words, the subsidiary pays a franchise tax based in part upon its retained earnings and the parent corporation pays franchise tax on its retainéd earnings which, using the equity method, also include the retained earnings of the subsidiaries. This, defendant claims, amounts to prohibited double taxation.
*450 La.R.S. 47:601 provides that "... the purpose of this section (is) to require the payment of this tax to the State ... by domestic corporations for the right granted by the laws of this state to exist as such an organization, and by both domestic and foreign corporations for the enjoyment, under the protection of the laws of this state, of the powers, rights, privileges and immunities derived by reason of the corporate form of existence and operation.”
It is clear that the underlying purpose of the franchise tax is not to tax the mere ownership of property, but is designed instead to tax the intangible right to exist and function as a corporation with all rights and privileges in the State of Louisiana.
The parent corporation, Arkla, Inc., and each subsidiary enjoy separate corporate existence. Therefore, franchise tax is exacted for each corporate existence and thus does not result in double taxation when both the parent and subsidiary are taxed. In other words, while some of the assets upon which the tax is based may be the same, the taxable incident underlying the tax, separate corporate existence, is different. The courts have upheld that the franchise tax does not result in prohibited double taxation. See Cities Service Co., supra, and Arkansas Fuel Oil Corp. v. Fontenot, 225 La. 166, 72 So.2d 465 (1954).
Furthermore, there is nothing unfair or oppressive in requiring Arkla, Inc., to pay franchise taxes based upon the values reflected upon its books. Rather, Arkla, Inc., is simply directed to pay the franchise tax in accordance with the statute as would any other corporation, regulated or not, employing the equity method of accounting.
Defendant asserts that it is entitled to an exemption under La.R.S. 47:605. That statute provides:
(W)hen, because of regulations of a governmental agency controlling the books of a taxpayer, the taxpayer is unable to record in its books the full amount of depreciation sustained, the taxpayer may apply to the collector of revenue for permission to add to its reserve for depreciation and deduct from its surplus the amount of depreciation sustained but not recorded, and if the collector finds that the amount proposed to be so added represents a reasonable allowance for actual depreciation, he shall grant such permission.
Defendant asserts that because such an exemption relating to depreciation is contained in the statute, the statute should be construed so as to include a similar exemption for defendant because it is required by law to use the equity method of accounting.
It is apparent that the depreciation exemption contained in the statute was intended by the legislature to be exclusive and not to be illustrative. Furthermore, it is well-settled that exemptions from taxation must be strictly construed against the person claiming the exemption. As it constitutes an exceptional privilege, an exemption must be clearly, unequivocally and affirmatively established. Meyers v. Flournoy, 209 La. 812, 25 So.2d 601 (1946); Mattingly v. Vial, 193 La. 1, 190 So. 313 (1939); Ruston Hospital, Inc. v. Riser, 191 So.2d 665 (La.App. 2d Cir.1966); Ethyl Corp. v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir.1977) and citations therein. Following these principles of interpretation, it is clear that no exemption is afforded to Arkla, Inc., under the statute and this court cannot so construe the statute.
Defendant argues that this court should find the Texas case of Bullock v. Enserch, 583 S.W.2d 950 (Tex.Civ.App.1979) to be controlling. In Bullock, supra, the taxpayer was a public utility required by the FERC to use the equity method of accounting. In interpreting a ruling by the comptroller, the court found that the comptroller’s method of assessing franchise tax against the taxpayer was fundamentally wrong in that the retained earnings of the subsidiaries were also included in the franchise tax base of the parent corporation.
This court finds that Bullock, supra, is easily distinguished from the instant case. In Texas, the comptroller was given discretion to determine how the franchise tax base was to be calculated. Whereas, in *451 Louisiana, the legislature has clearly mandated that the franchise tax shall be based on the values reflected in the corporate books. Bullock, supra, involved the interpretation of a discretionary, administrative rule which could be and was changed by the comptroller. This case involves the specific, unambiguous enactment of the state legislature and therefore, the rule enunciated by Bullock, supra, is not persuasive.
For these reasons, the judgment of the trial court in favor of Shirley McNamara, Secretary of the Department of Revenue and Taxation, State of Louisiana against Arkansas-Louisiana Gas Company in the amount of $53,787.00 plus interest is affirmed at Arkansas-Louisiana Gas Company’s costs.
AFFIRMED.