Dear Mr. Abels:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of two organizations — The Congregational Church of Practical Theology (Church) and St. John's University (University) — both of which own property in Livingston Parish.
You state that your investigation of these properties did not show evidence of a church or church affiliation even though the charter is on record with the Secretary of State of Louisiana. With regard to the University, you found that a correspondence school is being operated from its location in Livingston Parish; however, the school is not recognized by the Board of Regents. You request this office to provide you with criteria to assist you in making your determination as to the taxable status of the properties.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by Article VII, Section 18 (E) of the 1974 Louisiana Constitution to the Louisiana Tax Commission (Commission). The Commission's determinations are, of course, subject to judicial review. In accord are Attorney General Opinion Nos. 93-632, 93-488 and 86-529.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed. See Ruston Hospital v.Riser, 191 So.2d 665 (La.App. 2nd Cir. 1966). Also, inMattingly v. Vial, 193 La. 1, 190 So. 313 (1939) our Supreme Court held:
 "There is no principal of interpretation more firmly and uniformly established by the jurisprudence of this and other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any pausable doubt is fatal."
The exemption applicable to the two properties, in question, is found at Article VII, Section 21 of the Louisiana Constitution of 1974. It provides, in pertinent in part, the following:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation.
* * *
 (B)(1)(a) Property owned by a nonprofit corporation or association, organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
* * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association."
In answer to your question, this office has consistently held that in order to qualify for an exemption from ad valorem taxes under Article VII, Section 21 (B), the property must meet all four of the basic requirements of said Article, to wit:
 "1. The organization must be a nonprofit corporation or association organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation or association must be exempt from federal or state income tax; and
 4. None of the property of the nonprofit corporation or association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association."
These criteria have been discussed by this office within the context of educational and health uses. The most significant consideration to be made is the manner in which the property is being used. In this regard, I am enclosing copies of Attorney General Opinion Nos. 93-488, 91-298, 86-529, 79-861 and 76-114 for your reference and convenience.
This office has consistently opined that, should the assessing authorities (i.e., the assessor and/or the Commission) determine that a nonprofit corporation's or association's operations, with respect to the property in question, satisfy the aforementioned requirements, exemption from ad valorem taxes is appropriate. Conversely, if all or a portion of the property is used for commercial purposes unrelated to the exempt purposes, there is no, or only a partial, exemption. Again, it is your responsibility as assessor, subject to review by the Commission and/or judiciary, to make the factual determination as to whether the above requirements have been met.
In making the above determination, you may examine the actual activities of the organizations in question, the use of the property under consideration and the purpose clause in the organizations' charters.
We also bring to your attention the ruling in the case ofHotel Dieu et al. v. Williams, et al.410 So.2d 1111 (La. 1982), to which special attention must be paid. In the Hotel Dieu case, the Louisiana Supreme Court held that an office building and parking garage operated by a nonprofit corporation for purposes related to an adjacent nonprofit hospital were exempt from ad valorem taxes. The nonprofit corporation operating these properties was determined to be the alter ego of the hospital. The court also found that the space in the office building, except for a restaurant, was leased only for medical purposes and to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the court found that its customers were primarily those with business at the hospital or the medical office building and that 181 out of 281 of its parking spaces were contracted by physicians, other employees at the hospital, the medical office building and the L.S.U. medical education program conducted at the hospital. Given this connexity, the adjacent properties were also afforded tax exempt status.
We trust that the above information will assist you in making your determination as to the tax exempt status of the subject properties. Should you have any additional questions concerning these matters please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe
Honorable Charles A. AbelsAttention: Mr. Gene Williams
Assessor Livingston Parish P.O. Box 307 Livingston, La 70754
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General