Dear Ms. Core:
You have requested the opinion of this office regarding the ad valorem tax status of property owned by Catholic Faith in Action ("CFA"), an organization which owns property in St. Tammany Parish.
According to your correspondence, CFA, through Mr. Robert and Mrs. Penny Lord, have requested a tax exemption as a non-profit corporation for religious purposes of property (the "Property") located at 112 Monticello Court, Pearl River, in St. Tammany Parish. You have advised that the Lords reside at the property, as well as conduct operations for the reproduction of videos and/or books (the subject matter of which is religious) which videos and/or books are sold and distributed worldwide. You further advised that the Lords are "not organized or affiliated with any church, neither directly or indirectly". Furthermore, you have been advised by the Catholic Diocese of New Orleans that CFA "is not listed in the National Catholic Directory and thus is not entitled to the tax exempt status afforded to the catholic church by the Internal Revenue Service."
The determination of whether property is subject to an ad valorem tax exemption is a factual determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission. Ultimately, such decisions are subject to review by the courts. La. Const. Art. VII, Sec. 18; R.S. 47:1952. In accord: Atty. Gen. Ops. Nos. 95-60, 93-632.
In making a determination regarding a particular exemption request, assessing authorities may examine the actual activities of the organization in question, the use of the property under consideration and the purpose clause found in the organization's charter. Atty.Gen.Op. No. 95-60. It appears that with regard to the property in question, proper regard has been given by your office and the Tax Commission to these items. *Page 2 
As you are aware, the ad valorem tax exemption sought on CFA's behalf is provided for at La. Const. Art. VII, Sec. 21, which pertinently provides:
 "In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation.
 * * *
 (B)(1)(a) Property owned by a non-profit corporation or association, organized and operated exclusively for religious . . . purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
 * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the association." (Emphasis supplies)
This office has consistently opined that in order to qualify for an exemption under Art. VII, Sec. 21 (B), the property must meet all four of the basic requirements of that constitutional provision, to wit: (1) The organization must be a nonprofit corporation or association organized exclusively for one of the desgnated purposes, (2) No part of the net earnings inure to the benefit of any stockholder or member thereof, (3) Said nonprofit corporation or association must be exempt from federal or state income tax, and (4) The property is not owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association. Atty. Gen. Ops. Nos. 93-488, 86-529.
Due consideration must also be given to the jurisprudence of this state, which has consistently held that exemptions from taxation must be strictly construed against the person(s) claiming the exemption. Mattingly v. Vial, 190 So. 313 (1939);Ruston Hospital v. Riser, 191 So.2d 665 (La.App. 2nd Cir. 1966).
We have been provided with a copy of the Louisiana Tax Commission's letter of April 11, 1995, wherein CFA's request for exemption as a nonprofit organization for religious purposes was found "inapplicable and denied" (copy attached). The Tax Commission, along with your office, has apparently done an extensive review of CFA's application and the facts and circumstances pertaining to that application. This office defers to the Tax Commission's decision in this regard, and finds that determination to be in accord with the legal authorities cited herein. *Page 3 
We trust the foregoing adequately addresses your concerns. Should you need assistance with other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
RPI:JMZB:jv Attachment
cc: Louisiana Tax Commission
April 11, 1995
MR. ADAM CHASE, ATTORNEY Adams and Johnston Law Corporation Vectra Bank Building 1919 14th Street, Suite 609 Boulder, Colorado 80302
RE: MR. ROBERT AND MRS. PENNY LORD INDIVIDUALLY AND D/B/A CATHOLIC FAITH IN ACTION