Dear Mr. Chehardy:
You have requested an opinion of the Attorney General regarding the tax exempt status, vel non, of the land and improvements comprising the Metairie Country Club (Club). Attached to your letter is a legal memorandum from the attorney for the Club in support of the position that the Club is exempt from ad valorem taxes.
Initially, it should be noted that the authority to determine whether a particular taxpayer is exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the Assessor, the Louisiana Tax Commission and, ultimately, the courts. Attorney General Opinion Nos. 00-140, 97-481, 96-438, 94-602, 94-603, 93- 392, 92-660, 89-599 and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making individual determinations.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal to the exemption. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata Haney Corp. v.Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991) writ denied and RustonHospital v. Riser, 191 So.2d 665 (La.App. 2nd Cir. 1966).
In Mattingly v. Vial, 193 La. 1, 190 So. 313 (1939), our Supreme Court held:
 There is no principle of interpretation more firmly and uniformly established by the jurisprudence of this and other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any plausible doubt is fatal.
As can be gleaned from the above, it is the function of the assessing authorities to make, subject to judicial review, the initial factual determinations on particular ad valorem tax exemptions. In doing so, these taxing authorities may examine the actual activities of an applicant, including the use of the particular property under consideration. Attorney General Opinion Nos. 86- 529 and 76-114.
The attorney for the Club submits that the property is tax exempt pursuant to Article VII, Section 21(B)(1)(a). Citing Article III of the Club's Articles of Incorporation, he takes the position that the Club qualifies as a tax exempt fraternal organization. Article III states:
The objects and purposes of the corporation are declared to be:
 (a) To acquire the golf links, together with clubhouse and improvements thereon, located in Metairie, Jefferson Parish, formerly used by Metairie Golf Club, and to operate same as a private golf links and country club, for the use of its members and guests.
 (b) To install and operate thereon, for the convenience of its members and guests, a modern and sanitary swimming pool and tennis courts;
 (c) To promote and foster among its members and guests, athletic games and sports of all kinds; to promote social contact and amusement among its members; to promote among them refinement of manners and intellectual improvement.
 (d) And, generally, to do any and all things necessary or germane to the accomplishment of the above objects and purposes, solely and only for the physical, mental, and moral development of its members and guests, without pecuniary reward or profit to any. (Emphasis added.)
To support his position, the attorney refers to Attorney General Opinion Nos. 94-419 and 93-252. We find these opinions to be inapposite to the issue at hand.
We have reviewed the Club's Articles of Incorporation, and suggest that the proper test for exemption is found in Article VII, Section 21(B)(3) of the Constitution. We further note that, if one considers the Club's Article III in its entirety, it does not appear to qualify as a fraternal purpose under Section 21(B)(1)(a). To rely solely on the language quoted and emphasized above, would enable any club or organization to qualify for tax exemption by merely including that language in their Articles.
Section 21(B)(3) provides tax exempt status to "property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same". This office has had previous occasion to interpret this provision as it applies to country clubs. In Opinion No. 95-164, the issue presented was whether the Abbeville Country Club was entitled to an exemption from ad valorem taxes. We concluded:
 Initially, it should be noted that country and social club activities are seldom afforded exemption under the definition of a "charitable and fraternal" organization referred to in the above quoted constitutional provision. This office has consistently interpreted this constitutional language to require that an organization have both charitable and fraternal purposes to enjoy an exemption through its provisions. In accord are Attorney General Opinion Nos. 94-419, 79-861, 79-861A and 89-350. In addition, the fact that the organization may enjoy state and/or federal exemptions from the payment of income tax is not controlling. In accord is Attorney General Opinion No. 79-861-A.
In Opinion No. 79-861, we concluded that a country club or social club would not be entitled to an exemption despite the fact that the club is a nonprofit organization. We affirmed this conclusion in Opinion No. 79-861-A.
As you are aware, considerable weight must be afforded to an administrative agency's construction of the statutory and/or constitutional provisions that it is entrusted to administer and deference must be given to its administrative interpretations. J. RayMcDermott, Inc. v. Morrison, 705 So.2d 195 (La.App. 1st Cir. 1997) writ denied. We have been advised by representatives of the Louisiana Tax Commission that they concur in our analysis.
Trusting this adequately responds to your question, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj