**BEVLES COMPANY, INC.,
Plaintiff-Appellant,**

v.

**TEAMSTERS LOCAL 986, et al.,
Defendants-Appellees.**

Nos. 84–6076, 84–6312.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 5, 1985.

Decided June 17, 1986.

William A. Snyder, Snyder & Rios, Irvine, Cal., for plaintiff-appellant.

Robert D. Vogel, Pappy, Kaplon & Vogel, Carlos Holguin, Rees Lloyd, Los Angeles, Cal., for defendants-appellees.

Before SNEED, NELSON and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

Bevles Company, Inc. ("Bevles") appeals from a judgment of the district court confirming two arbitration awards pursuant to a collective bargaining agreement. Bevles contends that the arbitrator exceeded his authority under the collective bargaining agreement by granting reinstatement and backpay to employees who had been terminated by Bevles because they were undocumented aliens.

In March, 1983, Bevles received an unsolicited letter from its attorney advising that it was unlawful in California to knowingly employ an illegal alien. After receiving the letter Bevles immediately began interrogating employees it suspected of being in this country illegally. Two machine shop employees, Baraza and Dorme, were summarily dismissed after failing to satisfy Bevles that they were in the country legally. Teamsters Local 986, the employees collective bargaining representative, grieved their dismissal claiming Bevles lacked "just cause" to dismiss the employees under the collective bargaining agreement. After the Local's efforts to have Baraza and Dorme reinstated were unsuccessful, the matter was submitted to arbitration. The arbitrator ruled that, in terminating Baraza and Dorme, Bevles violated the terms of the collective bargaining agreement because, contrary to Bevles claim, it would not have been subject to criminal liability if it failed to terminate Baraza and Dorme. Thus Baraza and Dorme were entitled to reinstatement, and Baraza was entitled to backpay.[1] The arbitrator's awards were confirmed by the district court. In this appeal, Bevles contends that the arbitrator's award of reinstatement and backpay to Baraza and Dorme must be vacated because they are not legally entitled to work in this country.

We hold that the arbitrator's award of reinstatement and backpay notwithstanding the immigration status of the employees neither violates a clearly defined public policy nor is in manifest disregard of the law.[2] Neither the company nor its employ-

---

1. The arbitrator refused to award Dorme back pay because Dorme had falsified his employment records by using the name and social security number of a cousin in filling out his employment forms.

2. Because of the strong commitment to allow labor disputes to be resolved through arbitration rather than litigation, an award will be upheld provided it "draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363

ees are subject to any criminal or civil liability under federal law arising from their employment relationship. "For whatever reason, Congress has not adopted provisions in the INA making it unlawful for an employer to hire an alien who is present and working in the United States without appropriate authorization.... Moreover, Congress has not made it a separate criminal offense for an alien to accept employment after entering this country illegally." *Sure-Tan, Inc. v. NLRB,* 467 U.S. 883, 892–93, 104 S.Ct. 2803, 2809–10, 81 L.Ed.2d 732 (1984).

We reject Bevles' claim that the Supreme Court's recent pronouncement in *Sure-Tan, supra,* prohibits the remedy granted by the arbitrator. *Sure-Tan* does not establish any "explicit, well-defined and dominant public policy," *W.R. Grace & Co. v. Local 759, International Union of United Rubber, Cork, Linoleum & Plastic Workers,* 461 U.S. 757, 766, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983), sufficient to override the arbitrator's decision to award reinstatement and backpay. Although the Court in *Sure-Tan* reversed an award of reinstatement and backpay granted to illegal aliens, that limitation of remedies is inapposite to this case for two reasons. First, this court's review of an arbitrator's interpretation of a collective bargaining agreement is much more limited than its review of a decision of the NLRB in a labor dispute.[3] Second, as the Supreme Court recognized in *Sure-Tan,* the objective of the INA in limiting the NLRB's remedial powers was the prevention of unauthorized immigration. In *Sure-Tan,* the discharged employees had left the country and unconditional reinstatement and backpay would have en-

couraged their illegal reentry. In this case Baraza and Dorme have not been subject to any INS proceedings, thus awards of reinstatement and backpay will not require that they reenter the country illegally and "a potential conflict with the INA is thus avoided." 467 U.S. at 903, 104 S.Ct. at 2815.

Bevles' reliance on Cal. Labor Code § 2805 (West Supp.1984) is also insufficient to charge the arbitrator with "manifest disregard of the law." Section 2805 states that:

(a) No employer shall knowingly employ an alien who is not entitled to lawful residence in the United States if such employment would have an adverse effect on lawful resident workers ...

The arbitrator refused to recognize section 2805 as barring the reinstatement of Baraza and Dorme because "according to the record before the arbitrator, LC 2805 is in limbo and still enjoined." *Teamsters Local 986 v. Bevles, Inc.,* FMCS No. 83K/16910, at 12 (Dec. 26, 1983) (Monat, Arb.). This ruling of the arbitrator is not in manifest disregard of the law. The California Court of Appeal held that section 2805 was preempted by federal immigration laws and was thus unconstitutional. *Dolores Canning Co. v. Howard,* 40 Cal. App.3d 673, 115 Cal.Rptr. 435 (1974). Subsequently, in *DeCanas v. Bica,* 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976), the Supreme Court was presented with the issue of the constitutionality of section 2805. The Court held that Congress had not, through passage of the INA, intended to provide exclusive federal regulation in the field of employment of illegal aliens. The

U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (quoted in *Broadway Cab Co-op v. Teamsters Local 281,* 710 F.2d 1379, 1382 (9th Cir.1983) ). An arbitrator's award will not be vacated because of erroneous findings of fact or conclusions of law. *American Postal Workers v. United States Postal Service,* 682 F.2d 1280, 1285 (9th Cir.1982), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983). In order to justify reversal of an award for an error in law that error must constitute a "manifest disregard of the law," *George Day Constr. Co. v. United Bhd. of Carpenters,* 722 F.2d 1471, 1477 (9th Cir.

1984); *see also Orange Belt Dist. Council of Painters v. Kashak,* 774 F.2d 985, 990 (9th Cir. 1985).

**3.** This court would give some deference to NLRB interpretations of federal labor law, *Carpenters Union Local No. 25 v. NLRB,* 769 F.2d 574, 579 (9th Cir.1985), but certainly not such that would rise to the level of the "manifest disregard of the law" standard. Moreover, NLRB determinations of issues involving the INA would be entitled to no deference. *See Id.*

Supreme Court, however, did not determine finally that section 2805 was constitutional, but remanded the case to the California courts to decide "whether, and to what extent ... § 2805 as construed would conflict with the INA or other federal laws or regulations." *DeCanas*, 424 U.S. at 365, 96 S.Ct. at 941. On remand the case was dropped, and the holding of *Dolores Canning* has, therefore, never been repudiated.

Moreover, the Local presented unrefuted evidence that the Labor Commission is not attempting to enforce section 2805 and that the regulations implementing that section were repealed in 1982. Given the confused state of the law surrounding section 2805 it is arguable that no determination by the arbitrator regarding the impact of that section could be "in manifest disregard of the law." Certainly the determination that section 2805 did not preclude the relief granted was not so.

## CONCLUSION

The arbitrator's decision granting reinstatement and backpay to two undocumented aliens was not rendered in "manifest disregard of the law," and thus is not reviewable in this court. The Supreme Court has determined that undocumented workers are protected by the provisions of collective bargaining agreements, and limited remedies only to the extent that they invite further immigration violations. *Sure-Tan, supra.* The California law which allegedly prompted the dismissal is dormant and the arbitrator was not in error in determining that it did not authorize the employees' dismissal. Accordingly, the district court's order confirming the arbitration award is

AFFIRMED.

SNEED, Circuit Judge, dissenting:

I would hold that the arbitrator's award is "contrary to ... some explicit[,] ... well defined and dominant" public policy. *W.R. Grace & Co. v. Local 759, International Union of the United Rubber, Cork, Linoleum & Plastic Workers*, 461 U.S. 757, 766, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983). The majority do not read *Sure-Tan, Inc. v.*

*NLRB*, 467 U.S. 883, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984), as expressing such a policy. I differ with this reading. *Sure-Tan* unmistakably requires that the sanctions imposed by reason of the labor law be reconciled with the immigration laws. 467 U.S. at 903, 104 S.Ct. at 2815. The arbitration award attempts no such reconciliation. It could have done so by providing that reinstatement and back pay were permissible only when plaintiffs Baraza and Dorme became "lawfully entitled to be present and employed in the United States." *Id.* The mere presence of Baraza and Dorme in the United States does not provide the "reconciliation" of which *Sure-Tan* spoke. Had it done so, the *Sure-Tan* Court would not have approved the Board's conditioning its remedy of reinstatement on the employees' legal reentry. It would have adopted a position that permitted reinstatement and back pay at such time as the employees once more were available to work without regard to their status as illegal aliens. This *Sure-Tan* did not do. It expressed a strong policy of requiring reconciliation of labor and immigration laws. The arbitrator ignored this policy.

I respectfully dissent.