JONES, Judge.
Plaintiff appeals a trial court judgment affirming the decision of defendant’s hearing officer to suspend her driver’s license for refusal to take the Implied Consent Sobriety Test. LSA-R.S. 32:661, et seq. Plaintiff had been arrested for DWI following an automobile accident.
Before a person’s driver’s license can be suspended for failure to take the chemical analysis test, it must be established: (1) the arresting officer had reasonable grounds to believe the person was driving while under the influence of alcoholic beverages; (2) the officer requested the person to submit to the test; (3) the officer advised him of the consequences of his refusal to be tested and his constitutional rights, and (4) the person refused to submit to the test. LSA-R.S. 32:661.
LSA-R.S. 32:667 provides if requirements of LSA-R.S. 32:661 are met, the officer shall submit to the department a sworn statement establishing the existence of these elements. Upon receipt of this sworn report the Department of Public Safety shall issue an order of suspension of the arrested person’s license for six months. The arrested person is notified of the suspension and given an opportunity for an administrative hearing.
LSA-R.S. 32:668 provides:
“ * * * The scope of such a hearing for the purposes of this Part shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, whether the person was placed under arrest, whether he was warned by the officer as provided in R.S. 32:661(C), whether he refused to submit to the test upon the request of the officer and such additional matters as may relate to the reasonableness of a suspension of the license.” (emphasis added)
Plaintiff’s license was suspended by the department following its receipt of a sworn report by the arresting officer.
Plaintiff requested and was granted an administrative hearing where the department, which had the burden of proof, offered into evidence the officer’s sworn statement, and copies of the accident report and DWI complaint to prove the essential elements justifying suspension. The hearing officer, over the objections of plaintiff’s counsel, admitted and reviewed the exhibits offered into evidence. No witnesses testified.
The hearing officer affirmed the order to suspend plaintiff’s license because he found the evidence presented at the hearing satisfied the requirements of the Implied Consent Law.
After the administrative hearing plaintiff filed in district court a petition to review the agency’s decision under LSA-R.S. 49:964 of the Administrative Procedure Act.
On review of the matter in the district court, the parties agreed to submit the case on the record from the administrative hearing. Based upon the record the trial court rendered judgment affirming the hearing officer’s decision to suspend plaintiff’s license.
At the hearing plaintiff’s attorney entered a general objection to the admissibility of the documents which the hearing officer reviewed. He reurges his objection to the admissibility of these documents on appeal. Defendant contends the documents are admissible under the liberal evidentiary rules contained in the Administrative Procedure Act (APA) R.S. 49:956:
“§ 956.(1) Agencies may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs. .
*987 (2) All evidence, including records and documents in the possession of the agency of which it desires to avail itself, shall be offered and made a part of the record, and all such documentary evidence may be received in the form of copies or excerpts, or by incorporation by reference. . . . ”
The copies of the accident report and complaint contained the unsworn signature of the arresting officer. While the APA provides copies of documents and records are admissible into evidence, it is doubtful the unsworn report and complaint could be considered to possess probative value commonly accepted by reasonably prudent men so as to be admissible under the APA. A review of the contents of these documents reflects neither of them contain any indication plaintiff had the odor of alcohol or was unsteady on her feet or spoke with a thick tongue, these being evidentiary facts frequently accepted as establishing that the person who exhibits these symptoms is under the influence of intoxicating beverages. The police report states plaintiff was traveling on the wrong side of the road where she had a collision with one vehicle and ran another off the highway. The complaint states she used abusive language and kicked the arresting officer three times. This conduct may fall short of establishing reasonable grounds to believe plaintiff was under the influence of intoxicating beverages.
The Implied Consent Law requires the arresting officer have reasonable grounds to believe the individual was driving under the influence of intoxicating beverages before he may issue an order directing him to take the sobriety test. Without this requirement all drivers could be required to submit to the test including those who exhibited no indication of intoxication and upon their refusal all could be denied the right to drive for a period of six months. The act requires the reasonable grounds to be established in affidavit form before the department is empowered to suspend the license for refusal to take the test. The party whose license is suspended is entitled to a hearing at which time the department must prove evidentiary facts giving reasonable grounds for the arresting officer to believe the party intoxicated. Jaubert v. Department of Public Safety, 323 So.2d 212 (La.App., 4th Cir. 1975). The act requires more than a sworn conclusion that these grounds existed. It contemplates the hearing officer having an opportunity to hear sworn testimony or review a sworn document containing evidentiary facts which create a reasonable basis for the officer to believe the party being arrested was driving under the influence of alcohol.
The only sworn evidence in this record is the statement by the police officer before a notary public which purports to contain all the information necessary to justify the suspension of plaintiff’s driver’s license. The statement establishes plaintiff refused to take the test after being informed of the consequences of refusal and she had been advised of her constitutional rights. The sworn statement fails to include any circumstance or factual basis to justify the officer’s belief that plaintiff was operating a vehicle under the influence of intoxicating beverages. The statement, insofar as it purports to deal with this requirement, is limited to a conclusionary declaration that he “had reasonable grounds to believe Patricia S. Turner had been driving dr was in the physical control of a motor vehicle upon the highways of this state while under the influence of alcoholic beverages.” From the information contained in this statement it was impossible for the hearing officer to engage in a decisional process and make an independent determination as to whether the facts and circumstances surrounding plaintiff at the time of her arrest justified the officer in having reasonable grounds to believe she was intoxicated. While the accident report and complaint may be admissible under the APA, they are unsworn and cannot be considered as providing a basis for the hearing officer to determine the arresting officer had reasonable grounds to believe the plaintiff intoxicated. The liberal rule on the admissibility of evidence contained in the APA cannot limit the specific provisions of *988 the Implied Consent Law which can only be interpreted to mean the reasonable grounds for the officer’s belief must be submitted in sworn form. Otherwise the Legislature would not have required this information be submitted by affidavit.
The element of reasonable grounds may be satisfactorily complied with by a sworn conclusionary statement of the officer at the stage in the proceedings of the initial suspension. At the second stage of the proceeding LSA-R.S. 32:668 requires the hearing officer to make a determination of the issue of whether the law enforcement officer had reasonable grounds. This issue can only be determined based upon eviden-tiary facts supporting the reasonableness of the officer’s belief. If the Legislature required the elements to be sworn to at the initial stage of the proceedings, it necessarily follows the evidentiary facts must be established at the hearing by sworn documents or testimony. The Legislature could not have intended that evidence of less dignity be used in affirming a suspension than was used as a basis for the initial suspension.
Since the record contained no sworn facts which could form a basis for a reasonable belief that plaintiff was intoxicated, the hearing officer was in error in affirming the suspension of her license. The trial court, upon review of the record, could not have found sufficient sworn evidentiary facts to support a conclusion that the arresting officer had reasonable grounds to believe plaintiff intoxicated, and for this reason it erred in affirming the decision of the hearing officer.
For reasons assigned, the judgment appealed is reversed and it is ordered that there be judgment in favor of plaintiff, Patricia S. Turner, and against the Department of Public Safety, Driver’s License Division, annulling and vacating the administrative decision of the department suspending plaintiff’s driver’s license.