583 So.2d 875 (1991)
Joseph W. BIZETTE
v.
STATE of Louisiana DEPARTMENT OF PUBLIC SAFETY.
No. 90 CA 0788.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
James A. Woods, Baton Rouge, for plaintiff-appellant.
Paul Schexnayder, Baton Rouge, for defendant.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
This appeal arises out of the trial court's judicial review of an administrative decision of the Department of Public Safety affirming the Department's decision to suspend plaintiff's driver's license.

FACTS
On October 8, 1988, Joseph W. Bizette, plaintiff, was arrested and charged with *876 driving while intoxicated. Plaintiff refused to submit to a chemical test as mandated under the "Implied Consent Law,"LSA-R.S. 32:661 et seq., and as a result, the Department of Public Safety and Corrections notified plaintiff that his driving privileges would be suspended for 545 days for his second refusal to submit to a chemical test under LSA-R.S. 32:667. Plaintiff then requested an administrative hearing under LSA-R.S. 32:668 A, which was held on December 19, 1988. After the hearing on the matter, the hearing officer upheld the Department's proposed suspension.
Thereafter, plaintiff sought judicial review by filing a "Petition to Restore Driving Privileges" with the trial court. Plaintiff complained that the hearing officer's decision was arbitrary, capricious, contrary to the law and that there was no evidence of a prior refusal of taking a chemical test. Plaintiff also asserted that he needed reinstatement of driving privileges to earn his livelihood. After conducting a trial de novo on the matter, the trial court rendered judgment affirming the decision of the administrative hearing.
Plaintiff then filed a motion for a new trial on the basis that no evidence had been introduced at the trial court hearing on a prior refusal of plaintiff to submit to a chemical test, which was granted by the trial court. The Department then filed a "Motion to Confine Judicial Review to Administrative Record," in which the Department relied upon an unpublished writ decision of this court, Dupuy v. Department of Public Safety and Corrections (No. CW 89-0721, dated May 15, 1989). In Dupuy, this court directed the trial court in that case to limit its review to the administrative record.[1] On this basis, the trial court granted the Department's motion and limited its review of the matter to the record of the Department's administrative hearing.[2] After reviewing the administrative record, the trial court affirmed the Department's decision to suspend plaintiff's license.
Plaintiff now brings this appeal, asserting that the trial court erred by not finding that the administrative law judge's decision was contrary to the law and the evidence, and reaffirms his request, in his brief, that he otherwise be granted a restricted license.

ANALYSIS
Before a person's driver's license can be suspended for failure to take the chemical analysis test, it must be established: (1) the arresting officer had reasonable grounds to believe the person was driving while under the influence of alcoholic beverages; (2) the officer requested the person to submit to the test; (3) the officer advised him of the consequences of his refusal to be tested and his constitutional rights; and (4) the person refused to submit to the test. LSA-R.S. 32:661; Turner v. State, Department of Public Safety, 350 So.2d 984, 986 (La.App. 2nd Cir.1977).
LSA-R.S. 32:667 provides that if the requirements of LSA-R.S. 32:661 are met, the officer shall submit to the Department a sworn statement establishing the existence of these elements. Upon receipt of this sworn report the Department of Public Safety shall issue an order of suspension of the arrested person's license for six months. The arrested person is notified of the suspension and given an opportunity for an administrative hearing, from which that person may seek judicial review under *877 LSA-R.S. 32:668 C. In the instant case, plaintiff requested an administrative hearing and sought judicial review of the decision rendered in that hearing. After receiving a trial de novo from the trial court, plaintiff moved for a new trial, which was granted, and upon the motion of the Department the trial court limited its review to the record of the administrative hearing in which it affirmed the decision of the Department. We are now asked to review the trial court's affirmation.
Judicial review of an adjudication by an administrative governmental agency is a limited review which is governed generally by LSA-R.S. 49:964 G of the Louisiana Administrative Procedure Act, which provides:
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
Thus, the reviewing court in such cases has a multifaceted review function which is generally divisible into categories of factual review, procedural review, statutory or constitutional review and substantive review. Hay v. South Central Bell Telephone Company, 475 So.2d 1052, 1055 (La.1985). This standard of review is much the same as our own jurisprudential rules pertaining to judicial review. Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1158 (La.1984). The manifest error test is used in reviewing the facts as found by the agency. The arbitrariness test is used in reviewing conclusions and exercises of agency discretion. Garcia v. State, Department of Labor, 521 So.2d 608, 612 (La.App. 1st Cir.1988); Mayor and Council of Morgan City v. Ascension Parish Police Jury, 468 So.2d 1291, 1299-1300 (La. App. 1st Cir.1985). In addition, the statute requires the agency's finding be accorded deference insofar as the hearing officer has the opportunity to judge the credibility of the witnesses by firsthand observation of their demeanor on the witness stand. Garcia v. State, Department of Labor, 521 So.2d at 612.
The trial court reviewed the record of the administrative hearing which reveals the following. Officer Craig Couvillion of the Livingston Parish Sheriff's Office, who was the arresting officer, testified for the Department. Couvillion testified that in responding to a call in the early morning hours of October 8, 1988, he came upon plaintiff's truck which was stopped in the eastbound travel lane of Louisiana Highway 42. Upon stopping to investigate, Couvillion discovered that the plaintiff was seated behind the steering wheel and that he was asleep and had slumped over on the seat. Couvillion further testified that the key to plaintiff's truck was in the ignition and was turned to the "on" position, that the vehicle was in neutral and that there was a strong odor of alcoholic beverages. After awakening the plaintiff, Couvillion testified that he gave plaintiff time to regain his senses, that he advised plaintiff of his Miranda rights and that he then administered a field sobriety test, parts of which plaintiff performed poorly, and that thereafter, plaintiff was placed under arrest for driving while intoxicated. Couvillion stated that plaintiff was then transferred to the sheriff's office, and after being read his rights regarding the taking of a chemical *878 test, plaintiff was then asked to submit to a chemical test, whereupon he refused. The Department also introduced numerous exhibits including the arrest report and the sworn affidavit of Couvillion.
Plaintiff and his wife both testified. Plaintiff's wife explained that plaintiff had been drinking earlier in the evening, but that she had been driving the truck home on Highway 42 when the truck's engine stalled. They both got out and walked home, which was approximately one mile away, and that after calling a wrecker, she then went to bed while plaintiff walked back to the truck. Plaintiff testified that when he got back to the truck, he waited around and then got back into the truck and turned the lights on so that no one would run into the truck.
After reviewing the evidence, the hearing officer found that Officer Couvillion had reasonable grounds to believe that plaintiff was operating his truck upon the public highways while under the influence of alcoholic beverages, that there was compliance with all of the requirements of the Implied Consent Law and that plaintiff had refused the test. Therefore, the Department's 545 day suspension was affirmed. Upon review of the record, the trial court affirmed. Our review of the record and of the trial court's written reasons for judgment convinces us that the trial court correctly accorded deference to the findings of fact by the hearing officer, and that it was correct in finding that the Department had established the legal basis for suspension of plaintiff's license.
Plaintiff further complains, however, about the term of his suspension of driving privileges, arguing that the record is void of evidence to show that this was a second refusal to submit to a chemical test.
LSA-R.S. 32:667 B(2) provides:
If the person had refused to submit to the test, his driving privileges shall be suspended for one hundred and eighty days from the date of suspension on first refusal and five hundred forty-five days from the date of suspension without benefit of eligibility for a hardship license on the second and subsequent refusals occurring within five years of the first refusal.
The Department did not introduce plaintiff's driving record into evidence at the hearing, nor was there any testimony that plaintiff had within five years of the instant event refused to submit to a chemical test. Our thorough review of the administrative record does reveal though, that in the sworn affidavit of the arresting officer, a box marked "subject refused test. (Second or subsequent reported refusal)" was "checked" by the officer. This is the only evidence in the record to suggest that plaintiff has in the past refused to take a chemical test under the Implied Consent Law.[3]
We find that when a person invokes the right to a hearing to review the suspension of driving privileges, as plaintiff did here, it is incumbent on the Department to prove by competent evidence the facts on which the suspension is based. See State, Department of Public Safety, Drivers' License Division v. Moore, 311 So.2d 20, 23 (La.App. 2nd Cir.1975). Depending on the facts in dispute, it is true that the person whose license is suspended may face the requirement of proving his allegations. Allen v. State, Department of Public Safety, 554 So.2d 207, 208 n. 1 (La.App. 2nd Cir.1989). Such is the case when the motorist asserts an infirmity in the test. See Meyer v. State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division, 312 So.2d 289, 292 (La.1975); Hoffman v. Louisiana Department of Public Safety, 483 So.2d 1231, 1232 (La.App. 4th Cir.), writ denied, 486 So.2d 752 (La. 1986). The burden in this case was on the Department to prove that this was plaintiff's second or subsequent refusal in five years. Although we find no cases specifically addressing *879 the issue involving instances where a person is charged with a second refusal to submit to a chemical test, we are persuaded by the several cases concerning the suspension of driving privileges following second or subsequent offenses of driving while intoxicated. These cases squarely place the burden of proof on the Department to show two or more D.W.I. convictions at trial. See Guillot v. State, Department of Public Safety, 380 So.2d 1250, 1251 (La.App. 3rd Cir.), writ denied, 384 So.2d 795 (La.1980); Fontenot v. State, Department of Public Safety, License Control Division, 341 So.2d 80, 81 (La. App. 3rd Cir.1976); Smith v. Department of Public Safety, 254 So.2d 515, 519 (La. App. 4th Cir.1971). Following this rationale, it was necessary for the Department to introduce evidence at its hearing to prove that plaintiff had refused a chemical test within the five years before his refusal of October 8, 1988, which it failed to do.
In conclusion, we find that the Department was correct in finding that plaintiff's refusal to submit to a chemical test under the Implied Consent Law warranted a suspension of his driving privileges, and that the trial court was correct to affirm this finding. However, we find that the Department has failed to prove that this was plaintiff's second or subsequent refusal within five years and therefore the trial court erred in affirming the 545 day suspension order of the Department.
Therefore, for the above and foregoing reasons, the judgment of the trial court finding that plaintiff was driving or in actual physical control of his vehicle, under which he could be compelled to submit to testing for intoxication, is affirmed. The judgment of the trial court finding the period of suspension of driving privileges is reduced from 545 days to a period of 180 days, and as so amended, affirmed. As plaintiff has requested a hardship license, the case is remanded to the Department of Public Safety and Corrections for an Administrative Law Judge to determine whether plaintiff is entitled to restricted driving privileges under LSA-R.S. 32:668 B(1).[4]
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.
NOTES
[1] This court's decision in Dupuy is as follows:

WRIT GRANTED. The honorable trial court is hereby ordered to limit the trial to a judicial review of the administrative record, and is not to conduct a trial de novo in this matter. This court declines to follow Jaubert v. Department of Public Safety, 323 So.2d 212 (La.App. 4th Cir.1975) and choose (sic) instead to follow Louisiana Revised Statutes 49:964(F) which confines the trial court's review to the record. Any action provided in Subsection (G) of Louisiana Revised Statutes 49:964 may be taken by the trial court after a review of the record.
 FHS, JR.
 WAE
 MAS

[2] As this action of the trial court was not complained of on appeal, the trial court's decision to limit its review to the confines of the administrative record is not before this court on this appeal.
[3] Attached to the Department's answer to plaintiff's petition for judicial review is a document purporting to be a computer printout of plaintiff's driving record. This document was never introduced into evidence in the hearing before the Administrative Law Judge and therefore cannot properly be considered by this court.
[4] Cf. Boe v. State, Department of Public Safety, 558 So.2d 1333 (La.App. 4th Cir.1990) and Schott v. State, Department of Public Safety, 556 So.2d 999 (La.App. 3rd Cir.1990).