Dear Mr. Williams:
You have requested an opinion of the Attorney General relative to the application of Article VII, Section 18(G)(1), as it relates to the owner of a ten thousand square foot house. The owner occupies approximately two thousand square feet as his residence and has divided the remaining eight thousand square feet into rental units which he leases to tenants. You specifically ask whether the Special Assessment Level (SAL) afforded by Section 18(G)(1) to qualifying senior citizens, available to the entire house, or limited to just that portion of the house occupied by the owner.
Before addressing your specific questions, we must advise that the determination of whether property is subject to homestead exemption and the SAL is a factual determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission and, ultimately, the courts. ArticleVII, Section 18 of the Louisiana Constitution of 1974 and R.S.47:1952. In accord is Attorney General Opinion No. 00-321.
Every claim for homestead exemption must be determined according to the particular facts and circumstances surrounding the application. The jurisprudence of this State has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body and against the person claiming the exemption. Mattingly v. Vial,193 La. 1, 190 So. 333 (La. 1939) and Zapata Haynie Corp. v.Larpenter, 583 So.2d 876 (La.App. 1st Cir. 1991) writ denied. With these principles in mind, we focus now on the issue at hand.
Section 18(G)(1) was added by Act 1491 of the 1997 Regular Session of the Louisiana Legislature. The constitutional amendment was approved by the electorate on October 3, 1998, with an effective date of January 1, 2000. It establishes the SAL for only those individuals who qualify. Once established, it cannot be increased as a result of reassessment as long as the property and owner(s) remain(s) eligible. It provides, in pertinent part, the following:
 (G)(1) Special Assessment Level.
 (a)(i) The assessment of residential property receiving the homestead exemption which is owned and occupied by any person or persons sixty-five years of age or older and who meet all of the other requirements of this Section shall not be increased above the total assessment of that property for the first year that the owner qualifies for and receives the special assessment level, unless the owner fails to qualify and receive the special assessment level in a subsequent year. Such property of an owner who has failed to qualify for the special assessment level in one year and who requalifies in a subsequent year shall be assessed at the level at which it was assessed for the most recent year the owner failed to receive the special assessment level.
 (ii) Any person or persons shall be prohibited from receiving the special assessment as provided in this Section if such person or persons' adjusted gross income, as reported in the federal tax return for the year prior to the application for the special assessment, exceeds fifty thousand dollars. For persons applying for the special assessment whose filing status is married filing separately, the adjusted gross income for purposes of this Section shall be determined by combining the adjusted gross income on both federal tax returns .The income requirement to receive the special assessment level shall be met annually by the person or persons receiving the special assessment level.
 (iii) An eligible owner shall annually apply for the special assessment level by filing a signed application establishing that the owner qualifies for the special assessment level with the assessor of the parish or, in the parish of Orleans, the assessor of the district where the property is located.
 * * *
 (2) The special assessment level shall remain on the property as long as:
 (a) That owner, or that owner's surviving spouse who is fifty-five years of age or older or who has minor children, remains eligible for and applies annually for the benefit of the special assessment level on that property. (Emphasis added.)
As can be gleaned from the above, to qualify for the SAL the following conditions must be met:
 (1) The residential property in question must be receiving the homestead exemption.
 (2) The person or persons owning and occupying the residential property must be 65 years of age or older.
 (3) The person or persons' adjusted gross income, as reported in their 2000 federal tax return, must not exceed $50,000.
Since the SAL applies to only residential property receiving the homestead exemption, we also direct your attention to Article VII, Section 20 which provides, in pertinent part, the following:
 § 20. Homestead Exemption
 Section 20. (A) Homeowners.
 The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation .(Emphasis added.)
It is the opinion of this office that, since only a portion of the house is being occupied as a residence by the owner, the homestead exemption can only extend to that portion. The remaining units being leased to tenants would not qualify for the homestead exemption. In accord are Attorney General Opinion Nos. 77-470, Op. Atty. Gen., 1940-42, p. 4129 and Ops. Atty. Gen., 1934-36, pgs. 1144 and 1138.
Accordingly, since the SAL applies only to residential property receiving the homestead exemption, it would only extend to that portion of the house being occupied as a residence by the owner.
We have reviewed our findings with representatives of the Louisiana Tax Commission, and they are in concurrence therewith.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj
DATE RELEASED: August 23, 2001