Dear Ms. Degan:
You have requested an opinion of the Attorney General regarding the exemption of a business from ad valorem taxation. You specifically ask whether the business office of a notary is exempt from the payment of ad valorem taxes.
Initially, we note that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and State law to the assessor; the Louisiana Tax Commission and, ultimately, the Courts. Attorney General Opinion Nos. 00-140 and 99-281.
Further, the jurisprudence of this State has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body, and against the taxpayer desiring the exemption. Zapata Haynie Corp. v. Larpenter, 583 So.2d 876
(La.App. 1st Cir. 1991) writ denied. With these principles in mind, we focus now upon the issue presented in your request.
As you are aware, Article VII, Section 21 of 1974 provides, in pertinent part, the following:
 § 21. Other property exemptions
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (a) Public lands; other public property used for public purposes.
The remaining Paragraphs of Section 21 provide for additional classifications of property exempt from ad valorem taxation, none of which are relevant to the issue you present.
In Attorney General Opinion No., 95-478, this office concluded that a notary public is a public official, holding office by appointment of the governor with the advice and consent of the Senate. Accordingly, we held that notaries are exempt from the imposition of occupational license taxes.
While notaries are exempt from occupational license taxes, we find no authority, whatsoever, for the proposition that a notary public's business constitutes "public land" or "other public property used for public purposes". Neither do we find same to fall within any of the other exemptions enumerated in Article VII, Section 21.
Accordingly, it is the opinion of this office that a notary public's office is subject to ad valorem taxation and should be taxed accordingly.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj
DATE RECEIVED:
DATE RELEASED: September 18, 2001