Dear Senator Dardenne:
We have received your request for an opinion regarding the ability of usufructuaries to qualify for the homestead exemption when the naked owner of the property is a revocable trust. Specifically you question whether homeowners can qualify for the homestead exemption if they grant or reserve to themselves a usufruct over the property and then transfer the naked ownership to a revocable trust.
Initially, we note that the determination of whether a particular taxpayer is exempt from the payment of ad valorem taxes on a particular residence is a factual determination exclusively reserved by the Louisiana Constitution and state law to the assessor, the Louisiana Tax Commission, and ultimately, the courts. See Attorney General Opinion Nos. 99-281, 99-155, 97-100 and 94-603. With this in mind, we offer the following guidance.
Louisiana's homestead exemption is found in Constitution Article 7, Section 20. Prior to a recent amendment, Acts 2004, No. 929, it did not contain language expressly related to property owned by a trust. Our opinions consistently found that, in general, property held in trust was not eligible for the homestead exemption, regardless of the revocability of the trust instrument. In Attorney General Opinion No. 74-317, we opined:
 From the foregoing, it appears that the entire scheme of the homestead exemption is designed to provide relief to the head of family or his surviving spouse and minor children, who has legal title to the property in which he occupies as a homestead. In view of the very nature of a trust device, the legal title to the property is in fact transferred to the designated trustee for purposes of administration. Thus it would appear obvious that no exemption is warranted for the property in trust, the revocability of it notwithstanding.
 However, if the settlor of the trust is also one of the trustees or he or his wife is the principal beneficiary of the trust then, and in that event, it is felt that the property would be eligible for the exemption as the beneficial interest in the property has been retained by the settlor, either in his capacity as trustee or beneficiary.
We determined that property owned by a trust could not qualify for the homestead exemption because, by its nature, it was notowned and occupied by the person seeking the exemption. We recognized an exception to the general rule when the settlor of a trust was also one of its trustees, or when the settlor or the settlor's spouse was the principal beneficiary of the trust. It was felt that in these circumstances the settlor retained a "beneficial interest" in the property, even though he transferred legal title to a trust. The ownership of this "beneficial interest" in the property allowed the property to qualify for the exemption. See Attorney General Opinion Nos. 01-055, 01-054, 97-212, 97-19, 95-462, 91-312, 84-857, and 84-133.
If our response to your request were to be consistent with our prior opinions, all of which were provided prior to 2004, and with the language, or lack thereof, in the homestead exemption at that time, the property in your scenario would continue to qualify for the homestead exemption, and the revocability of the trust instrument would not be relevant. However, as you are aware, the homestead exemption was amended in 2004, so we must now examine the new language.
La. Const. Art. 7, Sec. 20(A)(3) was added in 2004 and provides as follows:
 § 20 Homestead Exemption.
 Section 20. (A) Homeowners.
 (3) The homestead exemption shall extend to property owned by an irrevocable trust when the principal beneficiary or beneficiaries of the trust are the settlor or settlors of the trust and were the immediate prior owners of the homestead and the homestead is occupied as such by a principal beneficiary. The provisions of this Subparagraph shall apply only to property which qualified for the homestead exemption immediately prior to transfer, conveyance, or donation in trust, or which would have qualified for the homestead exemption if such property were not owned in trust.
This provision expressly allows property owned by anirrevocable trust to qualify for the homestead exemption. It does not mention property owned by revocable trusts. Louisiana jurisprudence requires that constitutional grants of tax exemptions be strictly construed in favor of the taxing body, and against the taxpayer seeking the exemption.[1]
Since revocable trusts are not included in this section, we must assume property owned by revocable trusts is not eligible for homestead exemption, the determinative issue being the revocability of the trust instrument.
Moreover, Section 20(A)(5), which was also added in 2004, expressly limits the extension of the homestead exemption to natural persons and irrevocable trusts. La. Const. Art. 7, Sec.20(A)(5) provides as follows:
 (5) The homestead exemption shall extend only to a natural person or persons and to an irrevocable trust created by a natural person or persons, in which the beneficiaries of the trust are a natural person or persons provided that the provisions of this Paragraph are otherwise satisfied. [Emphasis added.]
This section allows only natural persons and irrevocable trusts whose settlors and beneficiaries are natural persons, to qualify for the homestead exemption. In effect it prevents property owned by anything else, such as a revocable trust, from qualifying. Therefore it is the opinion of this office that property owned byrevocable trusts can no longer qualify for the homestead exemption, under any circumstances.
You reference Section 20(A)(4) of La. Const. Art. 7 in your letter. This subsection was also added in the 2004 amendment and provides as follows:
 (4) The homestead exemption shall extend to property where the usufruct of the property has been granted to no more than two usufructuaries who were the immediate prior owners of the homestead and the homestead is occupied as such by a usufructuary. The provisions of this Subparagraph shall apply only to property which qualified for the homestead exemption immediately prior to the granting of such usufruct, or which would have qualified for the homestead exemption if such usufruct had not been granted.
We agree that the homeowners described in your scenario appear to meet the requirements of this section. We also agree with your observation that this subsection does not appear to "require that the naked owner be an individual", to the extent that it makes no reference of any kind to the naked owner. However, even if the property could qualify for the exemption under this provision, Section 20(A)(5) also applies and would prevent it from being eligible, because the naked owner would be a revocable trust. We further note, however, that if the homeowners in your scenario were to transfer the naked ownership of the property to either anatural person or an irrevocable trust, Section 20(A)(5) would not limit the property's eligibility, and it is possible it would qualify under Section 20(A)(4), assuming it satisfied all other requirements.
We trust this adequately responds to your request. Please contact our office if you have any further questions.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:__________________________________ DENISE B. FITZGERALD Assistant Attorney General
CCF, Jr./DBF/dam
[1] Zapata Haynie Corp. v. Larpenter, 583 So. 2d 876 (1st
Cir. 1991), writ denied.