Dear Mr. Stephens:
You requested an Attorney General's opinion regarding the ability of usufructuaries to qualify for the homestead exemption when the naked owner of the property is a revocable trust. Specifically, you question whether homeowners can qualify for the homestead exemption if they grant or reserve to themselves a lifetime usufruct over immoveable property and then transfer the naked ownership of the property to a revocable trust.
Louisiana's homestead exemption is found in Constitution Article 7, Section 20. As you are aware, the homestead exemption was amended in 2004, so we must address your question under the new constitutional provisions.[1]
La. Const. Art. 7, Sec. 20(A)(3) was added in 2004 and provides as follows:
 § 20 Homestead Exemption.
 Section 20. (A) Homeowners.
 (3) The homestead exemption shall extend to property owned by an irrevocable trust when the principal beneficiary or beneficiaries of the trust are the settlor or settlors of the trust and were the immediate prior owners of the homestead and the homestead is occupied as such by a principal beneficiary. The provisions of this Subparagraph shall apply only to property which qualified for the homestead exemption immediately prior to transfer, conveyance, or donation in trust, or which would have qualified for the homestead exemption if such property were not owned in trust. *Page 2 
This provision expressly allows property owned by anirrevocable trust to qualify for the homestead exemption. It does not mention property owned by revocable trusts.
Louisiana jurisprudence requires that constitutional grants of tax exemptions be strictly construed in favor of the taxing body, and against the taxpayer seeking the exemption.[2] Since revocable trusts are not included in this section, we must assume property owned by revocable trusts is not eligible for homestead exemption the determinative issue being the revocability of the trust instrument.
Moreover, Section 20(A)(5), which was also added in 2004, expressly limits the extension of the homestead exemption to natural persons and irrevocable trusts. La. Const. Art. 7, Sec.20(A)(5) provides as follows:
 (5) The homestead exemption shall extend only to a natural person or persons and to an irrevocable trust created by a natural person or persons, in which the beneficiaries of the trust are a natural person or persons provided that the provisions of this Paragraph are otherwise satisfied. [Emphasis added.]
This section allows only natural persons and irrevocable trusts whose settlors and beneficiaries are natural persons, to qualify for the homestead exemption. In effect, it prevents property owned by anything else, such as a revocable trust, from qualifying. Therefore, it is the opinion of this office that property owned by revocable trusts do not qualify for the homestead exemption under any circumstances. In accord is Attorney General Opinion No. 05-0352.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ______________________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/jv
[1] Under the prior language of La. Const. Article VII, Sec. 20
our office consistently opined that property owned by a trust could not qualify for the homestead exemption because, by its nature, it was not owned and occupied by the person seeking the exemption. We recognized an exception to the general rule when the settlor of a trust was also one of its trustees, or when the settlor or the settlor's spouse was the principal beneficiary of the trust. It was felt that in these circumstances the settlor retained a "beneficial interest" in the property, even though he transferred legal title to a trust. The ownership of this "beneficial interest" in the property allowed the property to qualify for the exemption. See Attorney General Opinion Nos. 01-055, 01-054, 97-212, 97-19, 95-462, 91-312, 84-857, and 84-133.
[2] Zapata Haynie Corp. v. Larpenter, 583 So. 2d 876 (1st
Cir. 1991), writ denied.